## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SOMPO AMERICA INSURANCE CO., and MITSUI SUMITOMO INSURANCE CO., OF AMERICA OF AMERICA | § § § § § | |
| *Plaintiffs* | § § | CIVIL ACTION NO. 4:20-cv-1502 |
| V. | § § | |
| MESA MECHANICAL, INC., GOODMAN MANUFACTURING CO., L.P., and DAIKIN NORTH AMERICAN LLC | § § § § § | JURY TRIAL DEMANDED |
| *Defendants* | § § | |
| V. | § § | |
| ASPEN PUMPS, INC. AND ASPEN PUMPS LIMITED | § § § § | |
| *Third-Party Defendants* | § | |

## DEFENDANT MESA MECHANICAL, INC.'S ORIGINAL THIRD-PARTY COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Mesa Mechanical, Inc. ("Mesa") files this Original Third-Party Complaint against Third Party Defendant, Heat Transfer Solutions, Inc., and respectfully shows as follows:

## PARTIES

1. Mesa is a Texas corporation with its headquarters in Houston, Texas. It has already answered and appeared in the underlying lawsuit and may be served with process via its counsel.

2. Heat Transfer Solutions, Inc. ("HTS") is a Texas corporation doing business in Texas and whose principal place of business is located at 115 Norfinch Drive, North York, Ontario M3NIW8 that may be served through its registered agent of service, C.T. Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. The Rectorseal Corporation ("Rectorseal") is a Texas corporation doing business in Texas and whose principal place of business is located at 2601 Spenwick Drive, Houston, Texas 77055 and who may be served through its registered agent of service, Alfred Norman located at 2215 Commerce Street, Houston, Texas 77002.

## JURISDICATION AND VENUE

4. Jurisdiction in this matter is proper under the Court's grant of supplemental jurisdiction under 28 U.S.C. § 1367(a) because the claims made in this Third-Party Complaint are so related to the claims in the underlying action that they form part of the same case or controversy.

5. This court has personal jurisdiction over HTS as its principal place of business is in Houston, Texas, which is located in the Southern District of Texas. It is thus subject to the personal jurisdiction of this Court. This Court has personal jurisdiction over HTS because it has conducted business in Texas, entered into agreements with companies located in Texas, distributed products that have caused harm in Texas—including the condensate pump at issue in this case. HTS delivered those products into the stream of commerce with the expectation that those products would be purchased or used by entities and persons in Texas.

6. This court has personal jurisdiction over Rectorseal as its principal place of business is in Houston, Texas, which is located in the Southern District of Texas. It is

thus subject to the personal jurisdiction of this Court. This Court has personal jurisdiction over Rectorseal because it has conducted business in Texas, entered into agreements with companies located in Texas, manufactured products that have caused harm in Texas—including the condensate pump at issue in this case. Rectorseal delivered those products into the stream of commerce with the expectation that those products would be purchased or used by entities and persons in Texas.

7. Venue in this District and Division under 28 U.S.C. § 1391 because HTS, Inc. has its principal place of business in Houston, Texas, which is located in the Southern District of Texas. Venue is further proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## **FACTUAL BACKGROUD**

8. Mesa has been sued in the underlying action by Plaintiffs Sompo American Insurance Co. and Mitsui Sumitomo Insurance Co. of America (collectively, "Plaintiffs"). Plaintiffs have asserted claims for negligence, strict products liability, and breach of warranties against Mesa. A copy of Plaintiffs' First Amended Complaint is attached as Exhibit A.

9. Plaintiffs claim that a facility owned by its insured, the Toshiba International Corporation ("Toshiba"), sustained damages after a fire occurred in the facility's server room on May 23, 2018. The facility is located at 13131 W. Little York Road in Houston, Texas. Plaintiffs also claim they paid for those damages pursuant to the terms of their insurance policies with Toshiba and subsequently filed this lawsuit in subrogation.

10. Plaintiffs further allege that the fire originated from a wall-mounted HVAC unit located in the server room. A post-fire investigation revealed that the cause of the fire may have been a Mini Aqua Condensate Removal Pump that was distributed by manufactured by Rectorseal and distributed by HTS, Inc.

## CAUSES OF ACTION

### Count 1: Statutory Indemnity

11. Mesa incorporates by reference the facts and allegations set forth above.

12. Pursuant to Chapter 82 of the Texas Civil Practice and Remedies Code, Mesa bring this action for statutory indemnity against HTS and Rectorseal. Mesa seeks indemnification for any losses or costs arising out of the underlying lawsuit, including damages, reasonable expenses, attorneys' fees, and court costs.

13. HTS, Inc. is a distributor of the pump at issue because it sold the pump at issue and/or any component part thereof to Mesa who in turn installed it in the stream of commerce.

14. Rectorseal is a manufacturer of the pump at issue.

15. Third-Party Plaintiff Mesa is an "installer" of the pump at issue because it is a company engaged in the business of installing equipment in the stream of commerce for use or consumption.

16. All conditions precedent to this claim have been met or have been waived.

### Count 2: Common Law Indemnity

17. Mesa incorporates the facts and allegations set forth above.

18.     As the distributor of the pump, the acts of HTS, Inc., specifically, selling the pump that caused the fire in the Toshiba facility, proximately caused Plaintiffs' damages.

19.     As the manufacturer of the pump, the acts of Rectorseal, specifically, manufacturing the pump that caused the fire in the Toshiba facility, proximately caused Plaintiffs' damages.

20.     Mesa is an innocent installer of the equipment distributed and manufactured by, HTS and Aspen/Rectorseal. As such, Mesa is entitled to indemnity under Texas common law if they are found liable in the underlying matter.

21.     All conditions precedent to this claim have been met or have been waived.

### Count 3: Contribution

22.     Mesa incorporates by reference the facts and allegations set forth above.

23.     The acts and omissions alleged by Plaintiffs in their live pleading center around the fire that took place at the Toshiba facility on May 23, 2018. That fire was caused by a Mini Aqua Condensate Pump designed, manufactured, sold, and delivered by Aspen Pumps Inc. and Aspen Pumps Limited and/or Rectorseal to HTS who in turn sold it to Mesa.

24.     As the distributor of the pump, the acts and omissions of HTS, Inc. was a proximate cause of Plaintiffs' alleged damages.

25. HTS, Inc. is responsible for contribution for any damages resulting from any of its wrongful conduct. The burden of paying such damages, if any are assessed in this case, should be properly shifted under the facts and the law of contribution from Mesa to HTS, Inc.

26. All conditions precedent to this claim have been met or they have been waived.

## JURY DEMAND

27. Mesa hereby demands a trial by jury.

## PRAYER

WHEREFORE, Third-Party Plaintiff, Mesa Mechanical, Inc., prays that the Third-Party Defendants, HTS, Inc. and The Rectorseal Corporation, be cited to appear and make answers herein, and that after a trial on the merits, the Court enter judgment awarding Mesa Mechanical, Inc. the following:

(1) defense, indemnity, and contribution as provided by law;

(2) actual damages;

(3) reasonable attorneys' fees;

(4) pre-judgment and post-judgment interest;

(5) costs of court; and

(6) all such other and further relief, both general and special, at law and equity, to which it may be justly entitled.

Respectfully submitted,

**DAVID FUNDERBURK**
**Attorney-in-Charge for Defendant**
**MESA MECHANICAL, INC.**
Texas Bar 07547550
Southern District Bar No. 19384
dfunderburk@ffllp.com
**FUNDERBURK FUNDERBURK COURTOIS LLP**
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
(713) 526-1801
fax (713) 526-2708

### CERTIFICATE OF SERVICE

I, **DAVID FUNDERBURK**, hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known Filing Users and has been accomplished by Notice of Electronic Filing pursuant to Local Administrative Procedure 9(a) on this, the 19th day of February 2021.

**David Funderburk**