United States District Court
Southern District of Texas
**ENTERED**
July 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOMPO AMERICA INSURANCE CO., and MITSUI SUMITOMO INSURANCE CO., OF AMERICA  *Plaintiffs*, VS.  MESA MECHANICAL, INC., *et al*,  *Defendants* VS.  ASPEN PUMPS, INC. AND ASPEN PUMPS LIMITED  *Third-Party Defendants* | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-1502 |

## ORDER

Before the Court is Third-Party Defendant Aspen Pumps Limited's Motion to Dismiss Third-Party Complaint. (Doc. No. 26). Third-Party Plaintiffs, Goodman Manufacturing Co., L.P. and Daikin North America LLC, responded and included an alternative Motion for Leave to Conduct Jurisdictional Discovery. (Doc. No. 37). Third-Party Defendant replied. (Doc. No. 40). Having considered the briefing and applicable law, the Court hereby grants Third-Party Plaintiffs' request to conduct jurisdictional discovery before the Court resolves the motion to dismiss.

### I.   Relevant Background

According to the Third-Party Complaint (Doc. No. 13), this subrogation lawsuit arises from a fire in a computer server facility in Houston on May 23, 2018. The facility's insurers, Sompo American Insurance Co. and Mitsui Sumitomo Insurance Co. of America ("Plaintiffs") paid for the property damages resulting from the fire. They then filed this lawsuit in subrogation against

Third-Party Plaintiffs, Goodman Manufacturing Co., L.P. and Daikin North America LLC, alleging that the fire originated from a wall-mounted cooling unit (HVAC) made by Third-Party Plaintiffs.[1] (*Id.*, Ex. A). After a post-fire investigation allegedly revealed the cause of the fire may have been a Mini Aqua Condensate Removal Pump that was installed alongside the HVAC ("the Pump"), Third-Party Plaintiffs sued Third-Party Defendant for indemnity and contribution claims, based upon its alleged involvement in manufacturing, designing, selling, and delivering the Pump.

Third-Party Plaintiffs allege this Court has personal jurisdiction over Third-Party Defendant, a foreign company, because it conducted business in Texas, entered into "agreements with companies located in Texas," and designed, manufactured, and sold the Pump at issue. (Doc. No. 13 at 6). According to Third-Party Plaintiff, Third-Party Defendant "delivered those products into the stream of commerce with the expectation that those products would be purchased or used by entities and persons in Texas." (Doc. No. 13 at 6–7).

## II.   Legal Standard

A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if "(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Where the plaintiff alleges specific jurisdiction, as here, due process requires "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).

---

[1] Plaintiffs also sued Mesa Mechanical, Inc. for allegedly negligently installing and servicing the HVAC unit.

In cases involving a product sold or manufactured by a foreign defendant, the Fifth Circuit has consistently followed a "stream-of-commerce" approach to personal jurisdiction, under which the minimum contacts requirement is met so long as the court "finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987). "Under that test, mere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce, but the defendant's contacts must be more than random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (cleaned up).

District courts have broad discretion in determining whether a party should be permitted to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283–84 (5th Cir. 1982). A court may grant jurisdictional discovery when the plaintiff makes a preliminary showing of jurisdiction. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). A preliminary showing is less than a prima facie showing; if the plaintiff made a prima facie showing, jurisdictional discovery would be unnecessary. Plaintiffs should "describe the discovery they contend should have been allowed, what facts they hoped to obtain from such discovery, [and] how it would produce information that would support specific jurisdiction." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000); *see also Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 685 (S.D. Tex. 2014).

### III. Analysis

The Court finds that Third-Party Plaintiffs have made a preliminary showing of personal jurisdiction over Third-Party Defendant. The crux of Third-Party Defendant's argument is that Third-Party Plaintiffs have not shown that it has sufficient minimum contacts with Texas. The minimum contacts analysis under *Ainsworth*—the degree of Third-Party Defendant's foreseeability or awareness—appears to depend upon the nature of the relationship between Third-Party Defendant and its Texas-based distributor, RectorSeal LLC. (Doc. No. 37 at 5). Third-Party Plaintiffs referenced this allegedly exclusive distribution agreement in their complaint. (Doc. No. 13 at 6). Third-Party Plaintiffs cannot assess what Third-Party Defendant foresaw or was aware of regarding its product, the Pump, entering the Texas market because they do not have access to any meaningful information pertaining to Texas-based RectorSeal's distribution agreement or relationship with Third-Party Defendant.

Moreover, Third-Party Plaintiffs have adequately articulated what discovery they wish to pursue, what facts they hope to obtain, and why those facts would support an exercise of specific jurisdiction over Third-Party Defendant. *See Evergreen Media*, F. Supp 3d at 685. Therefore, the Court allows discovery limited to jurisdictional facts as follows:

- The terms of the exclusive distribution arrangement and agreement with Texas-based RectorSeal and the details and communications regarding that business relationship;
- The sale of the Pump;
- Data regarding the number and percentage of Aspen Limited pumps sold within the state of Texas to RectorSeal, other entities, and end users;
- Import and shipping information for Aspen Limited pumps, including the Pump at issue in the case;
- Information regarding where Aspen Limited pumps were stored once arriving in the United States;
- Aspen Limited's efforts to assist RectorSeal in its marketing, promotion, sales, and training of customers;
- The business relationship between Aspen Pumps, Inc. and Aspen Limited;

- Aspen Limited's knowledge of sales of its products by RectorSeal, including customers sold to, the number of products sold, and the location of those customers;
- "Purchase orders, sales records, receipts," and "work orders";
- Documents related to "where [the Pump] originated, to whom it was sold, and where."

(Doc. No. 37 at 17). The discovery must be completed by August 31, 2021. Third-Party Plaintiffs will have one week to supplement their briefing on the motion to dismiss, and Third-Party Defendant will have one week thereafter to reply. The Court will not address the Motion to Dismiss (Doc. No. 26) until that time.

## IV.  Conclusion

For the foregoing, the Court hereby **GRANTS** Third-Party Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery. (Doc. No. 37 at 16). A ruling on the Motion to Dismiss is deferred.

Signed at Houston, Texas this 22nd day of July 2021.

_____
Andrew S. Hanen
United States District Judge